Case No. 2356-16, Jacqueline Williams v. Memphis Light, Gas, and Water Oral argument not to exceed 15 minutes per side Ms. Holland, you may proceed for the appellant I like that it says that I remember to introduce myself. My name is, and it's in the afternoon, my name is Maureen Truex Holland and I, along with Yvette Kirk, represent the appellant Jacqueline Williams in the matter today. I just want to thank you for allowing us an oral argument and for giving me an opportunity to come back to Cincinnati, where this case is out of the Western District of Tennessee in Memphis. Your Honors, I have to decide an important legal question in this case. As of yesterday I believe, based on my research, there hasn't been a decision that I found anyway out of the Sixth Circuit as to the application of the Muldrow decision in the Sixth Circuit. So depending on timing and how many other Title VII cases are in line ahead of us, the decision in this case would either be first or one of the first dealing with the Muldrow as it relates to Title VII and the new standard regarding adverse employment actions in Title VII cases. Can I just pause you right there because I'm not quite sure why Muldrow has anything new to say here. I mean, I understand Muldrow has lots of new things to say, but I'm not sure what it has to say that's new about this case. I guess I'm wondering what are the adverse And then depending on that answer we can think about whether Muldrow has anything different to say. So we presented harm. So the Muldrow case has to do with proof of harm that the appellant has experienced because of her sex in the work environment. And a number of our harm issues that we put in our brief on page five has to do with that there is some harm. So that's the change is that at the court and the court below said there has to be more than some. Right, but you have to identify what those harms are and you have to identify them both to the EEOC and to the district court. So that's the question I'm asking is what are the harms that you have preserved in this case? So the first harm we spoke to in the brief has to do with the transfer of our client after writing an email to the EEC which is like an internal EEOC of the MLGW. So she writes an email and the result of that email that says I'm complaining about my supervisor and my shift supervisor is that we're going to transfer you to another office. So you raise that, I mean I agree that transfer can be a thing. I mean Muldrow tells us that. The transfer is part of this case, it's the adverse action. It wasn't just the suspension without pay. That's what I thought was the adverse action or harm that you said, you know I'm being treated disparately and here's how I'm being treated disparately. I was suspended without pay. This guy who did the same thing was not suspended without pay. That's what I understood your case to be in the district court and before the EEOC as opposed to in this court. So I will address that directly. When you go to the EEOC and you go to tell them what's going on, you don't fill that out. The EEOC personnel fill out that information and you say okay and that's a summary. It's not all of the facts that relate to your case. And the case law says that you can bring up your summary and all of the facts that relate to your case as you move along to the system. So you don't have to put every single thing that ever happened to you in a charge at the EEOC. So that's a difference of looking at it like oh you have to have said every single thing first or you can't raise it in the court. No. The EEOC doesn't even look at it that way. You can make a summary and then you can go to the EEOC and file a complaint that outlines all the things that have happened. And that's what happened here. We had actually a pro se individual who themselves goes to the EEOC. They sign off on the charge that's drafted by the EEOC and then she filed a complaint. Okay so then how about in the district court? So in the district court you're saying here's the bad thing that happened to me. I was treated differently than this person because of sex in this way. What was the harm that you presented to the district court? I think this is important because the whole McDonnell Douglas framework depends on the defendant's ability to know what the harm is so they can respond, etc. So that's what I'm wondering. Okay. So when this was filed originally it was pro se and she filed her basic form documents that the court has and attached many, many documents to that. I'm looking at the amended complaint. Yes and then we filed an amended complaint. I don't see where it's in the amended complaint as the basis for a claim or at all maybe. So the amended complaint, there was no motion to dismiss but we filed an amended complaint outlining as many facts that we were aware of at the time that that amended complaint was filed. Subsequently the discovery develops the facts in your case and you're not limited to just whatever you said in your complaint. She knew she had been transferred. As a matter of fact she agreed to it as I understand the facts here. She didn't object in the way where she jumped up and down and said I don't like it but she does put in her complaint that she files a few days later. Basically it isn't me that should be transferred. It is my supervisor who should be transferred. And isn't, doesn't she also say when I made clear I wanted to go back they let me go back? I'm sorry? So I guess my first question about the transfer is was it involuntary? In, in the way that it was I guess her understanding that something was going to happen with her supervisor and she fills out the complaint and maybe he will leave and she doesn't know if when she moves what's going to happen. Did the committee give her a choice whether, I mean. She didn't get a choice like hey do you want to stay. You have to move. You have to go. This is even in her deposition. You have to go because there has to be this cooling down period even though she's the one that files the complaint. And when she says can I go back is there a dispute about that the company says yes you can go back? She wants to go back. There's no dispute that they say you can come back but she says I can't do my job where I'm at which is why I want to come back. I have to drive to my, to my old office, get a company vehicle, drive to my new office. I'm not given the tools that I need to do my job. I want to go back and she says but I don't want to go back if the environment is going to continually to be discriminatory. And so she writes and puts this in writing. This is not something that is just said in deposition. This is information that is writing contemporaneous in the time that these events happen. I think it was proper for the court to consider the transfer. The court considers all of these facts when it's looking at this case. It simply takes the position that the facts as alleged which are supported by the plaintiff in her deposition that are supported in the parts of her declaration that he allowed to in the record that she doesn't have in his mind enough other evidence and therefore her sworn testimony on its face is conclusory. It is simply insufficient for a woman who is discriminated against to say and testify to the events that happened to her that that's not enough unless she has corroborating evidence from somebody else. When you have a management official who is male who says no I didn't do that. Can you talk about other harms unless you have more transfer questions? I don't want to cut anything off. So transfer is one of the adverse actions, are there others? Yes, she, this is on our brief page 8 as to the Muldrow matter, writes to the drive that I mentioned that she was, her supervisor wouldn't speak to her, that she didn't have access that's on page 9. These are all attendant to the transfer. That she then after that that she was denied a driving badge, a right to drive a vehicle, that the men in her department were allowed to drive a vehicle. She was, wasn't allowed to go to meetings when she, others were allowed to go to the meetings. She was not given her keys so that she could do her job around the office. And these are a number of things that we've listed on pages 9 and 10. If you go to, I love that I have all these stickers, can I find them? Page 25 on our appellant brief gives a list of things that she was not allowed to do that others were allowed to do. How they were treated better, primarily has to do with the bathroom which is one of the main events which results in, she's in the restroom in July of 2018, this is also 2018, a lot of the facts are 2018. She's in the restroom, she comes out, and her supervisor challenges her about being in the restroom, raises his voice, starts yelling at her, she gets, feels very threatened, she leaves, she calls the police. That's part of the harm, being followed by your supervisor, having your supervisor yell at you when you go to the restroom, having your supervisor, this is also on page 25 of our original brief, telling you that you really shouldn't go to the bathroom as often as the male employees, that you are limited in the number of bathroom breaks you get, you're not to be on the phone even though others are allowed to be on their cell phone, you have to take lunch at 11, males, and I say others and I mean males, they can go to the bathroom when they want, etc., all this, these are the harm. Yes, thank you. It's a brave lawyer who brings water up here. I'd rather do that than not be able to speak, Your Honor. Okay. You never know, I have a theater degree. May it please the Court, my name is Elizabeth Rudnick, I am here on behalf of Appley Memphis Light, Gas, and Water Division. The District Court's grant of summary judgment on behalf of Memphis Light, Gas, and Water or MLGW should be affirmed in its entirety. The relevant facts that have been slightly altered or omitted by the appellant. In her original internal charge, the plaintiff or appellant, and I'll probably go between the two terms, claimed that the harassment she was suffering was due to, limited to one date, and because she refused to do performance evaluations on behalf of her supervisor, that she felt uncomfortable because of it. That's it. I mean, we know the facts of the case. All right, so. I don't think we can move to legal questions. So no problem. So let me ask you one. Go for it. What do you think the scope of this case is before us on appeal in terms of which arguments have been preserved? I think all of the arguments, oh, which arguments were preserved by the plaintiff? Yes. It's hard to say, Your Honor, because I didn't find much that was outlined very clearly in the appellate briefs. If I am arguing the case on our end, which I am, obviously, I will tell you that the district court properly granted summary judgment on the sex discrimination claim. I do know that this court has ruled on a case post-Muldrow. Judge Bloomcats here made a very clear ruling in Milczak v. GM and clearly looked at what Muldrow has to say about discriminatory transfer post-Muldrow, that the level of harm needing to be more than just some harm, or is some harm. And Milczak also says that it's not necessarily going to grant you or reverse on summary judgment because we still look at that fourth prong, which is, is there an inference of discrimination because similarly situated individuals have been treated more favorably because of the protected classification? And in this instance, there's still zero evidence that that actually has happened. There was never any issue raised in this situation about a discriminatory transfer. I agree with you, Judge Kattledge, it was never in the amended complaint. I was just asking what you think is preserved in the case. I don't think it was preserved, Your Honor. What do you think was preserved? I mean, can you define the scope for us, in your view? Discriminatory, we argued that there was, we never argued that the suspension was a, was not an adverse action. Suspension is in the complaint. That's in there. Let me put it this way. The suspension is in the complaint as the basis for a claim. Correct. Any other adverse action in your view, in there, in the amendment? Actually, the performance evaluation in February of 2019. That goes to the hostile worker. That goes to the retaliation claim. Yeah, I'm sorry. The retaliation claim, not to the, not to the discriminatory treatment. So only with respect to discrimination, we can only. You can only go to the bathroom a limited number and for a limited time. And this alleged comment about women should not need to go as much or not as much time or something. And that was it. And, but is that preserved? Well, the district court found that the only comment that was actually admissible was potentially that Newbern had issue with the number of times she was going to the bathroom. Not that she should be limited or that it was only once a day or anything along those lines. He found that maybe he suggested that she. I'm not going to find the facts. It's what's there. It's an isolated issue. Such that.  I'm sorry. I'm sorry. I'm not understanding the question then, Your Honor. The question is whether, you know, the argument is preserved or the argument was made. It's not about the evidence in support of it. I mean. Right. So in other words, is her claim, her claim, she's, she says, I'm being treated differently because of my sex and there has to be a harm that she presented as I'm being treated differently because of my sex in this way. And one thing we can all agree. She said, I got this suspension without pay because of my sex. Because this guy did the same thing I did and he didn't get, he didn't get suspended without pay and I did. And then we can argue about whether that guy is a good comparator or not. But that is a claim that she made. Is there any other claim that she made like that? Your Honors, I'm a very literal and linear thinker and when I think about Title VII, I think about our prima facie case and then we, you know, our burden shifting. And so what I think she has tried to do is throw a lot of things at a wall and see what will stick. But it would help us if we just got a yes or no and then the explanation. So what's, what's the initial answer? Yes or no? Are there things other than the transfer, I'm sorry, the suspension without pay? Not that we're admissible, Your Honor. Okay. Admissible as evidence? I mean. Misclaim evidence. The District Court ruled that the majority of the other things that the plaintiff tried to claim before the District Court in her summary judgment motion, not that were things that were necessarily within the amended complaint, were conclusory allegations that were not sufficient to oppose summary judgment under Rule 56. It's not a conclusory allegation to say, my boss said on this day that women shouldn't have to go to the bathroom as much and limited my, my bathroom access, right? That's, that's a pretty concrete non-conclusory allegation. So you, for the linear, for the prima facie case, right, we have four prongs, right? We're on the adverse action prong. I don't believe she preserved those allegations, no, Your Honor. Okay. So this, so as far as you're concerned, this case is only about the suspension without pay? That is all that went to the EEOC and that is all that was ever argued during the internal investigations that were conducted by MLGW. And then what would you say, I mean, she does raise these other things and calls them adverse actions in her brief. She calls them adverse actions in her brief. It's like backtracking and trying to shove a square peg into a round hole, Your Honor. The district court considered these alleged adverse actions and then found them to be conclusory speculative statements that had no support in the record other than her own conclusory testimony only found in her deposition. I mean, why isn't her testimony enough? Because under these things happened to me, my boss told me, because I'm a woman, I can only go to the bathroom once a day. Well, first, he never said, because I'm a woman, I can only go to, I'm sorry, Your Honor, I didn't mean to. I'm just saying, like, if that's her testimony, a jury could believe it, right? No, Your Honor, that's not actually what the law would be. Under Arendelle v. City of Memphis, a conclusory allegation similar to that is insufficient to withstand a motion for summary judgment. Glaringly, if we look at the types of allegations that were made by the plaintiff in Arendelle, he said things like, I was subject to a barrage of racial harassment that occurred weekly. I was limited to going to the bathroom because I was female. No one ever said female. That was not said. That's an inference that is being drawn by the plaintiff, not testimony that was actually, not something that was actually said. These are all conclusions that she has drawn. That's what the district court found, and he excluded the testimony. Similarly, she has no similarly situated comparators that would then get her past her prima facie case, even if those arguments are preserved, she still can't get past prong four of that prima facie case because she has not... Not other women? Is that the... Well, there's only one other woman, she's part-time or something, is that why? There were no other women. So she loses for that reason?  So what are you saying? I'm saying there's no other people that engaged in any similar conduct or received any similar treatment. But there were people who went to meetings, right, that she says she didn't get to go to meetings. Well, she also did not provide any sufficient information to suggest how they might be similarly situated with respect to any job title, job responsibility, work schedule, disciplinary history. Milczak is actually instructed on this instance, provides no relevant dimension of comparison for these other employees such as job title, location, or age. Similar situation here. She provides no context whatsoever to suggest that these individuals were similarly situated to her in any respect whatsoever. They had different jobs, they had different job duties. Nothing. There can... I mean, there's no basis to suggest that these individuals, other than they worked in the same location, we think, supposedly got to go to a meeting that she did not go to. And we don't even know if she was supposed to be at the meeting. It doesn't even provide that information. So, the district court on page 11 of the decision talks about the bathroom allegations, the, you know, her being eventually limited to one bathroom break per day. What kind of comparator does she need for that? Would you... Let me start this way. Would you agree that, take if there being a non-conclusory allegation, take that off the table. If she says, because I'm a woman, I was limited to this once per day, right? Would you think that that means adverse action under Mildred? Is that some harm? First, she never testified to one... No, no, no. Just take it as a hypothetical then. As a hypothetical? It could. It could be some harm. It could be some harm because it is in the eye of the beholder. That is what Mildred says, is that this could be something in the eye of the beholder. But... It could be some harm, okay, so that we're through adverse action then, and so talk to me about comparators. So you look at who else is in her job title? Who else is in her... If we're going to the bathroom, the relevant inquiry is job title? Well, no. The relevant inquiry is, who's doing what she does? Who else... How often is she going to the bathroom? Does she need to be sitting in a specific location to be visibly seen, to be... You know, there are any number of inquiries that could be made. This is why the once a day is important to know or not know, and she does not testify it was only once a day. She just says that he was upset with how often she was going or something along those lines. So if you have an employee who's constantly in the restroom, that's a different scenario. Did Memphis plate proffer a legitimate reason for limiting her to once a day? It was never... Again, I didn't think it was preserved as an argument, so there was never any ability to offer that legitimate argument, that legitimate non-discriminatory reason. Okay. Well, I think we've exhausted our questions. Do you have any questions on the retaliation or hostile environment claims? No, we don't. Nothing else with Muldrow? All right. Then we ask that you affirm the decision of the District Court and all costs to the defendant. Thank you, Your Honors. Thanks. We'll hear three minutes rebuttal. I'm watching.  It completely would be a shock to me, and I've not seen a case that says if you don't raise every single point that you ever had while you were at the employer, and you didn't raise every single point while you're at the EEOC, and you didn't put every single one of those repetitive points into a complaint, you can't bring those points up as part of your totality that you have developed with your discovery in the case. That would be completely not aware of that. I don't think that's the proper analysis. Sure, but you still have to marshal all those facts into this four-part framework, not in your complaint, not before the EEOC, but yes, before the District Court in response to a summary judgment motion. You have to tell the employer, this is the adverse action that I'm focusing on. I don't see where your briefing before the District Court did that for anything other than the suspension without pay on the disparate treatment claim. At the District Court level in summary judgment, the defendant files what they think are the facts, and say, go with this. We filed countervailing facts and additional facts in the case below, preserving the sequence of events that we referenced in our brief, including the items that I've listed for harm. So those can't be in the record unless we already had given them to the court, and I've already explained them to the court, so they already exist in the record. In terms of whose burden it is, like who they didn't know, they've never heard about this, it's new to them, would suggest that they did a proper investigation, which we assert did not happen. But how you know these things didn't happen is when you look at the evidence that's already in the record on the initial complaint that our client files, this is page ID 754. You can see that she's complaining about a hostile work environment and sex, but she talks about being yelled at, she talks about being bad named, she talks about her hostile work environment. There was no investigation of those facts, whatever they would have been, that the defendant didn't develop. And she shouldn't be told that she can't now mention them just because the employer didn't bring them up. We've addressed in our brief the comparators, that is a whole section in our brief on who the comparators were, their mail text, we think that those are the only other people, the only other woman in the environment also complained against this exact same supervisor and filed a complaint. The other matters are addressed in our brief, we ask that you reverse the decision by the court and remand for trial. Thank you. Thank you very well. Thank you. Thank you for your argument. Thank you. The clerk may adjourn the court.